FILED PM 1:01
2026 FEB 9

MICHELLE M. WILSON
CLERK, USBC MIW

**United States Bankruptcy Court — Western District of Michigan**
**Case No. 25-01982-swd (Chapter 7)**
**Debtor: Kristy Wright**

---

# MOTION FOR ORDER TO SHOW CAUSE WHY FUNDO LLC SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF DISCHARGE INJUNCTION AND FOR SANCTIONS

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

---

**In re:**
**Kristy Wright,**
Debtor.

Case No.: **25-01982-swd**
Chapter 7

---

**NOW COMES** the Debtor, **Kristy Wright** ("Debtor"), appearing pro se, and respectfully moves this Honorable Court for entry of an Order to Show Cause pursuant to **11 U.S.C. §§ 524(a) and 105(a)** and this Court's inherent contempt powers, requiring **Fundo LLC** ("Creditor") to appear and show cause why it should not be held in civil contempt and sanctioned for willful violation of the discharge injunction. In support, Debtor states as follows:

---

## I. Jurisdiction and Authority

1. This Court has jurisdiction pursuant to **28 U.S.C. §§ 1334 and 157**.
2. This is a core proceeding under **28 U.S.C. § 157(b)(2)(O)**.
3. This Court is authorized to enforce its orders, including the discharge injunction issued under **11 U.S.C. § 524(a)**, and to impose sanctions pursuant to **11 U.S.C. § 105(a)**.

---

## II. Background

4. Debtor filed a voluntary petition under **Chapter 7** in this Court in Case No. **25-01982-swd**.

5. On **December 8, 2025**, the Court entered an **Order of Discharge**, which permanently enjoined creditors from attempting to collect discharged debts. (Exhibit A).
6. Fundo LLC was a scheduled creditor and received notice of the bankruptcy and discharge.

---

## III. Timeline of Violations

7. **September 22, 2025** — Debtor notified Fundo LLC's counsel, **Law Offices of Michael Lupolover, PC**, of the Chapter 7 filing and provided proof. Counsel responded that the UCC lien would not be released absent a court order. (Exhibit D).
8. **December 9, 2025** — Debtor provided Fundo LLC's counsel with a copy of the **Discharge Order** and requested confirmation that the lien would be lifted. Counsel again refused absent a court order. (Exhibit D).
9. **December 26, 2025** — Debtor served a **Certified Demand Letter** on Fundo LLC's counsel demanding release of the lien within ten (10) days. Delivery was confirmed at **10:51 a.m.** in Englewood Cliffs, New Jersey. (Exhibit B).
10. **February 2, 2026** — The Michigan Department of State UCC Portal certified that the same UCC filing remains **"Active | UCC Lien"**, confirming continued enforcement post-discharge and post-notice. (Exhibit C-2).

---

## IV. Violations of the Discharge Injunction

11. Despite actual notice of the bankruptcy and the discharge, Fundo LLC has **continued to maintain and enforce a lien against Debtor's post-petition earnings**, interfering with Debtor's ability to receive income earned after the bankruptcy filing and discharge.
12. Post-petition earnings in a Chapter 7 case are not property of the estate and are protected by the discharge injunction.
13. These actions constitute acts to collect a discharged debt in violation of **11 U.S.C. § 524(a)(2)**.

---

## V. Willfulness and Legal Standard

14. Fundo LLC and its counsel received repeated written notice of the bankruptcy and the discharge and expressly refused to release the lien without a court order. (Exhibit D).
15. The Supreme Court has held that a creditor may be sanctioned where there is no objectively reasonable basis to conclude its conduct is lawful. *See* **Taggart v. Lorenzen**, 139 S. Ct. 1795 (2019).

16. Maintaining an **active UCC lien** against Debtor's post-petition earnings after discharge and confirmed notice meets this standard.

---

## VI. Harm to Debtor

17. As a direct result of Fundo LLC's actions, Debtor has suffered financial harm, disruption of income, and ongoing hardship.
18. Debtor has incurred costs and expended substantial time enforcing rights protected by federal bankruptcy law.

---

## VII. Relief Requested

**WHEREFORE,** Debtor respectfully requests that this Court:

A. Issue an **Order to Show Cause** requiring Fundo LLC to appear and explain why it should not be held in contempt;
B. Enter an order compelling Fundo LLC to **immediately terminate and release any lien or enforcement mechanism affecting Debtor's post-petition earnings;**
C. Award Debtor **actual damages, costs, and reasonable attorney's fees (or pro se enforcement costs);**
D. Impose **coercive and/or punitive sanctions** sufficient to ensure compliance with the discharge injunction; and
E. Grant such other and further relief as the Court deems just and proper.

---

DATED: 02/04/2026

[signature]

Kristy Wright, Debtor (Pro Se)
1600 Antietam Ave Apt 1908
Detroit, MI 48207
(269) 598-2984
kristywright84@gmail.com

---

## CERTIFICATE OF SERVICE

I hereby certify that on 02/04/2026, I served a copy of the foregoing **Motion for Order to Show Cause Why Fundo LLC Should Not Be Held in Contempt for Violation of Discharge Injunction and for Sanctions** by **Certified U.S. Mail, Return Receipt Requested,** and/or electronic service upon: